**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE: BOSTON SCIENTIFIC CORPORATION
PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION

MDL NO. 2326

---

THIS DOCUMENT RELATES TO THE FOLLOWING CASES:

Civil Action Nos. *Eghnayem v. Boston Scientific Corporation*, 2:13-cv-07965;
*Dotres v. Boston Scientific Corporation*, 2:13-cv-10077;
*Nunez v. Boston Scientific Corporation*, 2:13-cv-24346;
*Dubois-Jean v. Boston Scientific Corporation*, 2:14-cv-04455;
*Betancourt v. Boston Scientific Corporation*, 2:14-cv-11337.

**Pretrial Order # 91**
**(Order Consolidating above Cases for Trial on All Issues)**

Pursuant to Federal Rule of Civil Procedure 42, the above-styled actions are consolidated for discovery and trial on all issues. It is **ORDERED** that Civil Action No. 2:13-cv-07965 is designated as the lead case, and all further filings shall be captioned and docketed therein.

## I. Background

These cases are five of over 50,000 in this and the six other MDLs assigned to me by the Judicial Panel on Multidistrict Litigation. In this MDL, there are over 11,000 cases filed against Boston Scientific Corporation. Generally, this MDL arises from the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the above style-actions, all of the plaintiffs allege they were implanted with the Pinnacle Pelvic Floor Repair Kit ("Pinnacle"), a mesh product used to treat POP. Although different physicians implanted the Pinnacle, all of the surgeries were performed in Florida. In addition, all of the plaintiffs claim Florida as their state of residence. All of the plaintiffs allege negligence, design

defect, manufacturing defect, failure to warn, breach of express warranty, breach of implied warranty, and punitive damages. According to the plaintiffs, the Pinnacle has high malfunction and complication rates, fails to perform as intended, and causes severe injuries, including infection, scarring, nerve damage, and organ perforation.

## II. Legal Standard

"Rule 42(a) permits consolidation and a single trial of several cases on the court's docket, or of issues within those cases . . . ." 9A Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 2381 (3d. ed. 2008). Rule 42(a) provides the following:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Rule 42(a) gives district courts broad discretion to consolidate cases. *See Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982) ("The decision whether to sever or to consolidate whole actions or sub-units for trial is necessarily committed to trial court discretion."); *Henderson v. United States*, No. 6:07-cv-00009, 2008 WL 1711404, at *5 (W.D. Va. Apr. 11, 2008) ("The decision to consolidate is committed to Court's discretion and consolidation may be initiated *sua sponte*."). However, the court's discretion to consolidate under Rule 42(a) is not without limits. When considering whether to consolidate several actions for trial, the district court must consider the following factors from *Arnold v. Eastern Airlines, Inc.*:

> [1] whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues,
>
> [2] burden on the parties,
>
> [3] witnesses and available judicial resources posed by multiple lawsuits,
>
> [4] the length of time required to conclude multiple suits as against a single

> one, and
>
> [5] the relative expense to all concerned of the single-trial, multiple-trial alternatives.

681 F.2d at 193.

Generally, under Rule 42(a), when two causes of action involve common witnesses, identical evidence, and similar issues, judicial economy will generally favor consolidation. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation of actions involving common questions of law and fact also avoids the risk of inconsistent judgments. *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 248 (E.D. Va. 1999). Nevertheless, "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *Michael v. Wyeth, LLC*, No. 2:04-cv-0435, 2011 WL 1527581, at *2 (S.D. W. Va. Apr. 20, 2011) (Copenhaver, J.) (internal quotations omitted).

## III. Discussion

### A. Common Issues of Law and Fact Predominate

As an initial matter, I **FIND** that common issues of law and fact presented by these cases favor consolidation. These cases implicate only Florida law. Additionally, these cases involve the same product, Pinnacle, which was manufactured by the same and only defendant. All of the plaintiffs are Florida residents and were implanted with the device in Florida. In addition, the implantation of the plaintiffs occurred in a relatively short time span – between 2008 and 2011.

According to the Master Complaint, following the implantation of the Pinnacle, the plaintiffs claim they suffered similar injuries – "erosion, mesh contraction, infection, fistula, inflammation, scar tissue, organ perforation, dyspareunia (pain during sexual intercourse), blood loss, neuropathic and other acute and chronic nerve damage and pain, pudendal nerve damage, pelvic floor damage, and chronic pelvic pain." (Master Compl. ¶ 45).

Even if these cases were not consolidated, evidence of substantially similar accidents and injuries are admissible to show "the dangerous character of an instrumentality and also to show the defendant's knowledge." *See Jackson v. H.L. Bouton Co., Inc.*, 630 So. 2d 1173, 1176 (Fla. Dist. Ct. App. 1994); *see also Worsham v. A.H. Robins Co.*, 734 F.2d 676, 688 (11th Cir. 1984). While there will be separate evidence relating to failure to warn and individual damages, the similarities in these cases, particularly as to the claim of design defect, far outweigh any differences. In addition, carefully crafted jury instructions and special interrogatories can avoid the confusion that may arise due to these differences. *See generally Neal v. Carey Canadians Mines, Ltd.*, 548 F. Supp. 357 (E.D. Pa. 1982), *aff'd*, 760 F.2d 481(3d Cir. 1985).

**B. The *Arnold* Factors Favor Consolidation**

I also **FIND** the *Arnold* factors weigh in favor of consolidation. The more cases that are tried together in this MDL totaling over 11,000 cases, the sooner the parties will come to understand the true nature of these cases, their values, the weaknesses and strengths in their cases and the cost of trying them. At this time, the bellwether process is not viable in this MDL, and, as a result, consolidation and transfer to another jurisdiction for trial of multiple cases is an equally efficient means of providing meaningful information to the parties in the absence of a bellwether process. Consolidation of cases in multidistrict litigation is not new, and the risk of juror confusion can be avoided if the evidence is presented in an organized manner with carefully crafted jury instructions.[1] Regarding the burden on the parties and witnesses and available judicial resources posed by multiple lawsuits, expert witnesses in these cases will likely be nearly identical in each case, only case-specific discovery will differ. MDL litigation in and

[1] Moreover, the potential for jury confusion is further decreased where a court consolidates only a few actions for trial, as is the case here. *See, e.g.*, *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985) (consolidating four claims); *Oman v. Johns-Manville Corp.*, 764 F.2d 224 (4th Cir. 1985) (consolidating four claims); *Neal v. Carey Canadian Mines, Ltd.*, 548 F. Supp. 357 (E.D. Pa. 1982), *aff'd*, 760 F.2d 481 (3rd Cir. 1985) (consolidating fifteen claims). Here, I am only consolidating five actions for trial.

of itself poses a substantial burden on the parties. However, as these cases continue without resolution, and the number of cases continues to grow, the burden on the parties may ultimately be less if a consolidated trial leads the parties to resolution more quickly than individual trials. As with the bellwether trials I have conducted in this matter, I will place strict time constraints on the length of the consolidated trial in these matters; thereby saving both judicial resources and the resources of the parties involved.

I note in its Transfer Order dated February 7, 2012, the Judicial Panel on Multidistrict Litigation found that the actions contained in this MDL and MDL 2325 and 2327 involved common questions of fact and that centralization would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." (Transfer Order [Docket 1], at 3); *see also In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, MDL 2004, 2010 WL 797273, at *3 (M.D. Ga. Mar. 3, 2010) ("It has already been determined that cases referred to a district court by the Judicial Panel on Multidistrict Litigation involve common questions of law and fact such that it is deemed appropriate, and preferable, that the pretrial aspect of the cases be handled in a consolidated manner."). These observations, combined with my above determinations, logically compel the liberal use of Rule 42(a) for the purposes of this multidistrict litigation. *See In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2010 WL 797273, at *3 ("Consolidation appears to be a particularly appropriate tool that should be seriously considered in modern-day multidistrict litigation."). Accordingly, I will consolidate these actions under Rule 42.

## IV. Conclusion

Pursuant to Federal Rule of Civil Procedure 42, the above-styled actions are consolidated for discovery and trial on all issues. It is **ORDERED** that Civil Action No. 2:13-cv-07965 is

designated as the lead case, and all further filings shall be captioned and docketed therein. At the conclusion of pretrial proceedings, it will be necessary to remand the cases to the Southern District of Florida, and I intend to try the consolidated cases there by intercircuit assignment with a planned trial date beginning on **September 29, 2014**, at 8:30 a.m. **It is further ORDERED** that the parties submit a proposed Docket Control Order for entry in 2:13-cv-07965 on or before **April 18, 2014**.

The court **DIRECTS** the Clerk to file a copy of this order in **2:12-md-2326 and the above-referenced cases** and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:14-cv-14411. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: April 11, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE