**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

AMAL EGHNAYEM, et al.,

                Plaintiffs,

v.                             CIVIL ACTION NO.  2:13-cv-07965

BOSTON SCIENTIFIC CORPORATION,

                Defendant.

**MEMORANDUM OPINION AND ORDER**
**(Defendant's Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages
Claims and Ms. Eghnayem's Motion for Leave to Amend Complaint)**

Pending before the court are Boston Scientific Corporation's ("BSC") Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claims [Docket 106] ("Def.'s Mot.")[1] and plaintiff Amal Eghnayem's Motion for Leave to Amend the Complaint [Docket 126] ("Eghnayem's Mot. to Amend"). For the reasons below, I **FIND** that Florida substantive law, not Massachusetts law, applies to the plaintiffs' punitive damages claims. I also conclude that BSC has failed to carry its initial burden of showing the absence of any genuine issue of material fact with respect to punitive damages. Accordingly, I **DENY** BSC's Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claims. Because I conclude Florida punitive damages law applies here and Ms. Eghnayem concedes her motion is moot if this is so, I **DENY** plaintiff Amal Eghnayem's Motion for Leave to Amend the Complaint.

---

[1] All plaintiffs to whom this motion relates, including Amal Eghnayem, are Florida residents and were implanted with the Pinnacle Pelvic Floor Repair Kit device ("Pinnacle") in Florida. (*See* BSC's Mem. of Law in Supp. of Mot. for Partial Summ. J. on Pls.' Pun. Dam. Claims [Docket 107] ("Def.'s Mem.") ¶¶ 4–17; *e.g.*, Eghnayem Short Form Compl. [Docket 1] ¶¶ 4, 8, 11).

## I.    Background

Plaintiffs' cases are four of more than 60,000 assigned to me by the Judicial Panel on Multidistrict Litigation in seven different MDLs against various manufacturers.[2] Of the more than 60,000 cases, over 13,000 reside in the Boston Scientific MDL. These cases involve the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In this particular case, plaintiffs, including Ms. Eghnayem, were implanted with a product manufactured by defendant Boston Scientific Corporation: the Pinnacle Pelvic Floor Repair Kit ("Pinnacle"). The plaintiffs allege that as a result of implantation with this product they experienced several complications. The plaintiffs currently advance the following claims: negligence, strict liability (defective design, manufacturing defect, and failure to warn), breach of express and implied warranties, fraudulent concealment, and punitive damages. (*See, e.g.*, Eghnayem Short Form Compl. ¶ 13).

On July 18, 2014, BSC moved for partial summary judgment on the plaintiffs' punitive damages claims and filed a memorandum in support. (*See generally* Def.'s Mot.; Def.'s Mem.). On July 23, 2014, Ms. Eghnayem moved the court for leave to amend her complaint so she could add a claim for damages (including punitive) under Massachusetts law. (*See generally* Eghnayem's Mot. to Amend). On August 22, 2014, the plaintiffs filed their Response in Opposition to BSC's Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claims [Docket 176] ("Pls.' Resp."). BSC filed its Reply in Support of Its Motion [Docket 181] ("Def.'s Reply") on August 27, 2014.

In September 2014 the court requested supplemental briefing on choice-of-law issues pertaining to both motions. The plaintiffs filed their Supplemental Brief in Support of Plaintiffs'

---

[2] By Pretrial Order # 91, dated April 11, 2014, I originally consolidated five cases for trial. Of the original five, four remain pending. (*See* Pretrial Order # 91 [Docket 10]).

Motion for Leave to Amend Complaint [Docket 198] ("Pls.' Supp. Br.") on September 22, 2014 and BSC filed its Reply [Docket 208] ("Def.'s Reply to Pls.' Supp. Br.") on September 26, 2014. Having reviewed the briefs and arguments of the parties, I address the defendant's motion first.

## II.   Legal Standard

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp.*, 477 U.S. at 322–23. The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

3

## III.    Discussion

Here, the plaintiffs are Florida residents who were implanted with the Pinnacle in Florida but filed their complaints directly into the MDL. "For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product." *Sanchez v. Boston Scientific Corp.*, 2:12-CV-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014). Florida is the originating jurisdiction and neither the plaintiffs nor the defendant disputes that the court must consult Florida's choice-of-law principles to determine the substantive law applicable to the plaintiffs' punitive damages claims. (*See* Def.'s Mem. at 5; Pls.' Resp. at 4). The defendant contends that Florida's choice-of-law principles dictate application of Massachusetts law. (*See* Def.'s Mem. at 8–10). By contrast, the plaintiffs maintain that Florida law controls this issue.[3] (*See* Pls.' Resp. at 9–16).[4] For the reasons below, I **FIND** that Florida substantive law applies to the plaintiffs' punitive damages claims.

### A.  Florida Follows the Significant-Relationship Test for Torts

In *Bishop v. Florida Specialty Paint Co.*, the Florida Supreme Court announced a new approach for choice-of-law questions concerning tort:

---

[3] The defendant relies on *In re Ethicon* [*Lewis v. Ethicon, Inc. et al.*], but the plaintiffs in that case never "assert[ed] that the law of any other state applie[d] to their punitive damages claim." No. 2:12-cv-4301, 2014 WL 186869, at *9 (S.D. W. Va. Jan. 15, 2014), *rev'd on other grounds* No. 2:12-cv-4301, 2014 WL 457551 (S.D. W. Va. Feb. 3, 2014). In fact, their brief opposing Ethicon's motion was titled: "Plaintiffs' Combined Response and Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment on Punitive Damages *Under New Jersey Law*." [Docket 181] at 1, *In re Ethicon*, 2:12-cv-4301, 2014 WL 186869, (S.D. W. Va. Jan. 15, 2014) (emphasis added), *rev'd on other grounds* No. 2:12-cv-4301, 2014 WL 457551 (S.D. W. Va. Feb. 3, 2014); *see also In re Ethicon*, 2014 WL 186869, at *9 ("Although the plaintiffs expressly claim that they do not concede that New Jersey's law applies, they appear to assume that it does. . . ." (internal quotation marks and citation omitted)). The laws implicated were those of Texas and New Jersey. *Id.* at 9–10. The punitive damages inquiry centered on whether "the FDA ha[d] endorsed and recognized the safety and effectiveness of the TVT [product] in its 510(k) clearance" for purposes of N.J. Stat. Ann. § 2A:58C-5. *Id.* at 10. In other words, the circumstances concerning the alleged conduct giving rise to punitive damages in *In re Ethicon* are factually distinct from those here. Accordingly, I am not bound by the prior analysis, and both parties assumed the application of New Jersey law.

[4] I also note that because subject matter jurisdiction rests on diversity grounds, "[f]ederal law . . . controls procedural issues and state law controls substantive issues." *Sanchez v. Boston Scientific Corp.*, 2:12-CV-05762, 2014 WL 202787, at *3 (S.D. W. Va. Jan. 17, 2014) (citing *Dixon v. Edwards*, 290 F.2d 690, 710 (4th Cir. 2002)).

4

Instead of clinging to the traditional *lex loci delicti* rule, we now adopt the 'significant relationship[] test' as set forth in the Restatement (Second) of Conflict of Laws §§ 145–146 (1971):

§ 145. The General Principle
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
    (a) the place where the injury occurred,
    (b) the place where the conduct causing the injury occurred,
    (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
    (d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.

§ 146. Personal Injuries
In an action for a personal injury, *the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship* under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

389 So.2d 999, 1001 (Fla. 1980) (quoting Restatement (Second) of Conflict of Laws §§ 145–146

(1971)). The *Bishop* court noted additionally that:

Section 6 of the Restatement (Second) lists the following factors as important choice of law considerations in all areas of law:
    (a) the needs of the interstate and international systems,
    (b) the relevant policies of the forum,
    (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
    (d) the protection of justified expectations,
    (e) the basic policies underlying the particular field of law,
    (f) certainty, predictability and uniformity of result, and
    (g) ease in the determination and application of the law to be applied.

*Id.* at 1001 n.1 (quoting Restatement (Second) of Conflict of Laws § 6(1971)); *see also State*

*Farm Mut. Auto. Ins. Co. v. Olsen*, 406 So. 2d 1109, 1110–11 (Fla. 1981) (referencing *Bishop*

and listing the factors from the *Restatement*). Florida courts have continued to adhere to the

significant-relationship test set forth in *Bishop*.[5] *E.g.*, *Rosado v. DaimlerChrysler Fin. Servs. Trust*, 1 So. 3d 1200, 1203 (Fla. Dist. Ct. App. 2009); *Connell v. Riggins*, 944 So. 2d 1174, 1176 (Fla. Dist. Ct. App. 2006).

In adopting this test, the *Bishop* court reiterated the language set forth in § 146 of the *Restatement*, noting that "[t]he state where the injury occurred would, under most circumstances, be the decisive consideration in determining the applicable choice of law." 389 So. 2d at 1001. Here, I am bound to apply Florida law to the issue of punitive damages "'unless, with respect to [that] particular issue, some other state has a more significant relationship.'" *Id.* (emphasis omitted) (quoting Restatement (Second) of Conflict of Laws § 146 (1971)). Because the facts also implicate the Commonwealth of Massachusetts, I must determine whether Massachusetts has a more significant relationship to the issue of punitive damages than Florida in this case.

**B. Massachusetts Does Not Have a More Significant Relationship to the Issue of Punitive Damages Than Florida**

Below I have applied the significant-relationship test under Florida's choice-of-law rules by considering the § 145 and § 6 factors listed above. I have considered the § 145 factors when analyzing the § 6 factors.

**1. Section 145 Factors**

The § 145 factors favor applying Florida law. The plaintiffs suffered their alleged injuries in Florida. BSC's management team for the Urology and Women's Health division is located in Massachusetts and BSC maintains that "the conduct allegedly giving rise to the punitive

---

[5] At least one Florida lower court has suggested that a preliminary "false conflict" analysis may be employed before conducting the entire significant-relationship test. *E.g.*, *Tune v. Philip Morris Inc.*, 766 So.2d 350, 352 (Fla. Dist. Ct. App. 2000) ("Although the Restatement does not expressly discuss 'false conflicts,' its contributors and subsequent scholars have recognized that a comprehensive conflict-of-laws analysis should not be required when only one state has a legitimate interest in the law to be applied."). The Florida Supreme Court has not approved this modification, so I conduct a fuller significant-relationship analysis.

damages claims occurred in Massachusetts." (*See* Def.'s Mem. ¶ 3, at 7). But BSC sells its products in many states across the country. In particular, the plaintiffs contend the defendant "direct[s] products and support materials through Florida's stream of commerce to residents and businesses." (*See* Pls.' Resp. at 9). The plaintiffs were implanted with BSC products, specifically Pinnacle devices, in Florida. BSC is incorporated under the laws of Delaware and its principal place of business is in Massachusetts. (*See* Def.'s Mem. ¶ 1). The plaintiffs are all Florida residents. As it concerns the issue of punitive damages, the relationship between the parties is not centered in Massachusetts. Instead, it is centered in Florida, where BSC distributes products, the plaintiffs reside, the plaintiffs were implanted with BSC products, and the plaintiffs allegedly suffered injury.

### 2. Section 6 Factors

The applicable § 6 factors do not suggest that Massachusetts has a more significant relationship than Florida. The relevant policies of the forum, Florida for these purposes, weigh in favor of applying Florida punitive damages law. "Under Florida law, the purpose of punitive damages is . . . to punish the defendant for its wrongful conduct and to deter similar misconduct by it and other actors in the future." *Owens–Corning Fiberglas Corp. v. Ballard*, 749 So. 2d 483, 486 (Fla. 1999); *see also W.R. Grace & Co.–Conn. v. Waters*, 638 So. 2d 502, 504 (Fla. 1994) ("Punishment and deterrence are the policies underlying punitive damages."); *St. Regis Paper Co. v. Watson*, 428 So. 2d 243, 247 (Fla. 1983) (same).

Massachusetts's relevant policies on punitive damages and its relative interest in applying those policies here do not weigh in favor of applying Massachusetts law. This court's reasoning in *Sanchez v. Boston Scientific Corp.* is instructive:

> Massachusetts has no legitimate interest in applying its prohibition on punitive damages to injuries occurring outside of Massachusetts. BSC contends that

> Massachusetts has an interest in protecting its citizens from excessive financial liability. BSC is a Delaware Corporation with its principle place of business in Massachusetts. . . . BSC points to no Massachusetts legal authority supporting its proposition that Massachusetts has an interest in protecting its citizens from excessive liability, let alone liability for wrongs occurring outside of Massachusetts. Likewise, I am unable to locate any Massachusetts cases articulating the state's interest in prohibiting punitive damages at common law. . . . Even assuming Massachusetts's punitive damages prohibition is based on a policy of shielding its residents from excessive liability, Massachusetts has no legitimate interest in enforcing this policy outside of its borders.

No. 2:12-cv-05762, 2014 WL 4059214, at *10 (S.D. W. Va. Aug. 18, 2014) (citations omitted). Massachusetts has no interest, and certainly not a relatively stronger interest than Florida, in applying its punitive damages law here.

Additionally, I do not find that the ease in the determination and application of the law to be applied cuts strongly in favor of either Florida or Massachusetts law. The nature of an MDL docket frequently requires determination and application of many different states' laws.

### 3.  Conclusion

Under Florida's choice-of-law principles for tort, the law of the place of injury governs the rights and liabilities of the parties unless another state has a more significant relationship with respect to a particular issue. The plaintiffs here, Florida residents, were implanted with Pinnacle devices in Florida and allegedly suffered injury in Florida. The location of alleged injury is not fortuitous. BSC has its headquarters in Massachusetts and conducts operations related to pelvic mesh products in that state, but BSC also directs its products to the Florida market. Plainly, the State of Florida has a weighty interest in punishing tortfeasors who direct products to the Florida market that injure Floridians. Massachusetts, meanwhile, has no legitimate interest, and certainly not a relatively stronger interest, in prohibiting punitive damages outside its borders. For these reasons and the others above, I **FIND** that Massachusetts does not have a more significant relationship to the issue of punitive damages than Florida in this

case, and I **FIND** that Florida substantive law on punitive damages applies.

### C. BSC's Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claims

Having found that Florida substantive law applies to the plaintiffs' punitive damages claims, I now examine BSC's Motion. On summary judgment, the movant always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) ("Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact."(citing *Celotex Corp.*, 477 U.S. at 323)). This is not a high hurdle as "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. Nonetheless, the movant must clear it. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) ("If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." (citing *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991)).

Throughout its briefing, BSC focuses almost exclusively on the legal argument that Massachusetts punitive damages law applies and that its application precludes recovery of punitive damages here, entitling BSC to summary judgment. (*See* Def.'s Mem. at 2, 5–9; Def.'s

Reply at 1; Def.'s Reply to Pls.' Supp. Br. at 1–13). After culling BSC's legal arguments from the briefs, rejecting them, *see supra*, and setting them aside, the court is left with facts but without any showing by BSC that there is an absence of a genuine issue of material fact with regard to punitive damages. Nowhere does BSC articulate that the plaintiffs' claims fail even if punitive damages are available under either Massachusetts or Florida law. For their part, the plaintiffs remark that "BSC omits a challenge to Plaintiffs' ability to show a genuine issue of fact on punitive damages." (*See* Pls.' Resp. at 1).

Because I have found that Florida punitive damages law applies and BSC has neither shown nor pointed to the absence of a genuine issue of material fact, it has failed to discharge its initial burden. For these reasons, I **DENY** BSC's Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claims.

### D.  Ms. Eghnayem's Motion for Leave to Amend the Complaint

I now turn to Ms. Eghnayem's Motion for Leave to Amend the Complaint. She makes clear in supplemental briefing that "[t]he need to amend Plaintiffs' complaints would be rendered moot if the Court denies BSC's [motion on punitive damages]." (Pls.' Suppl. Br. at 1). She acknowledges that should "the Court conclude[] that Florida . . . punitive law applies, . . . Plaintiffs' need to pursue their claims under Massachusetts law would be rendered moot." (*Id.* at 2). Having concluded that Florida punitive damages law applies here, I **DENY** Ms. Eghnayem's motion as moot.

## IV.   Conclusion

For the reasons explained above, Boston Scientific Corporation's Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claims [Docket 106] is **DENIED** and the Ms. Eghnayem's Motion for Leave to Amend the Complaint [Docket 126] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  October 21, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE